**MAGISTRATE'S CRIMINAL MINUTES - REMOVALS (Rule 5 & 5.1)**

FILED IN OPEN COURT

DATE: 10/15/2021 @ 4:09 pm
TAPE: FTR
TIME IN COURT: 10 MIN

| | | | |
|---|---|---|---|
| MAGISTRATE JUDGE | RUSSELL G. VINEYARD | COURTROOM DEPUTY CLERK: | A. ZARKOWSKY |
| CASE NUMBER: | 1:21mj979 | DEFENDANT'S NAME: | Mack Devon Knight |
| AUSA: | Alana Black | DEFENDANT'S ATTY: | Joe Austin |
| USPO / PTR: | Ty Ransom | ( ) Retained  ( ) CJA  (✓) FDP  ( ) Waived | |

✓ ARREST DATE 10/15/2021

✓ Initial appearance hearing held.            ✓ Defendant informed of rights.

_ Interpreter sworn: _____

**COUNSEL**

✓ ORDER appointing Federal Defender as counsel for defendant.
_ ORDER appointing _____ as counsel for defendant.
_ ORDER: defendant to pay attorney's fees as follows: _____

**IDENTITY / PRELIMINARY HEARING**

✓ Defendant WAIVES identity hearing.            ✓ WAIVER FILED
_ Identity hearing HELD.   _ Def is named def. in indictment/complaint; held for removal to other district.
_ Defendant WAIVES preliminary hearing in this district only.   _ WAIVER FILED
_ Preliminary hearing HELD.   _ Probable cause found; def. held to District Court for removal to other district
_ Commitment issued. Detention hearing to be held in charging district

**BOND/PRETRIAL DETENTION HEARING**

Due Process Protection Act Warning Given to Government's Counsel. Order on page 2

_ Government oral motion for detention filed. _____ @ _____
_ Pretrial hearing set for _____ @ _____   ( ) In charging district.)
✓ Bond/Pretrial detention hearing HELD
_ Government motion for detention ( ) GRANTED ( ) DENIED
_ Pretrial detention ordered.   _ Written order to follow.
✓ BOND set at $10,000   ✓ NON-SURETY   _ SURETY
_ cash   _ property   _ corporate surety ONLY
✓ SPECIAL CONDITIONS: Standard conditions
✓ Defendant released.

\_\_\_\_\_ Bond not executed.  Defendant to remain in Marshal's custody.

\_\_\_\_\_ Motion ( \_\_\_\_\_ verbal) to reduce/revoke bond filed.

\_\_\_\_\_ Motion to reduce/revoke bond   \_\_\_\_\_ GRANTED   \_\_\_\_\_ DENIED

ORDER:

Pursuant to the Due Process Protections Act, see Fed. R. Crim. P. 5(f), the government is directed to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and to provide all materials and information that are arguably favorable to the defendant in compliance with its obligations under *Brady*; *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. Exculpatory material as defined in *Brady* and *Kyles v. Whitley*, 514 U.S. 419, 434 (1995), shall be provided sufficiently in advance of trial to allow a defendant to use it effectively, and exculpatory information is not limited to information that would constitute admissible evidence.

The failure of the government to comply with its *Brady* obligations in a timely manner may result in serious consequences, including, but not limited to, the suppression or exclusion of evidence, the dismissal of some or all counts, adverse jury instructions, contempt proceedings, or other remedies that are just under the circumstances.

**WITNESSES:**

_____
_____
_____
_____
_____
_____
_____

**EXHIBITS:**

_____
_____
_____
_____
_____
_____

Original Exhibits   \_\_\_\_\_ RETAINED by the Court   \_\_\_\_\_ RETURNED to counsel